FRANK et al. v. HESS et al.

(Circuit Court, E. D. Pennsylvania. December 13, 1897.)

No. 11.

1. PATENTS FOR DESIGNS.
    Design patents cannot be enlarged by the specification, but are limited to the particular design shown in the drawings filed.

2. SAME—DESIGN FOR CAP.
    Design patent No. 26,533, issued to Jacob Frank for a design for a cap, consisting of a succession of diamond-shaped figures encircling the rim of the cap, and a single rosette, is not infringed by a cap having a different style of rosette, and, on the rim, rhombus-shaped figures, which, when the cap is held in a sloping position, appear to be diamond-shaped; the general effect of the design being dissimilar.

This was a suit in equity by John Frank and Jacob Frank, co-partners trading as John Frank & Son, against S. Wildman Hess and Rolando Silver, co-partners trading as Hess & Silver, for an alleged infringement of design patent No. 26,533, issued to Jacob Frank for a design for a cap.

Jerome Carty, for complainants.
J. M. Moyer, for respondents.

DALLAS, Circuit Judge. This is a suit upon a patent dated January 12, 1897 (No. 26,533), issued to Jacob Frank, for "design for a cap." The specification expressly refers to the accompanying drawings as "forming a part thereof." It also states that the leading feature of the patentee's design for a cap is the "rim of the same, with ornamentations thereon." It is further specified (referring to the drawings) that "on the rim are geometrically-shaped figures, D, and the rosette, E." Fig. 1 of the accompanying drawings shows a succession of diamond-shaped figures encircling the rim of the cap, together with a single, circular rosette attached to the rim at a point between two of the diamond-shaped figures before mentioned. What is claimed is the "design for a cap, substantially as described and shown." The position taken by the complainant's counsel, that this patent should be so construed as to cover any and every kind of geometrically-shaped figure, when applied, for the purpose of ornamentation, to the rim of a child's cap is clearly untenable. The monopoly must be confined to the particular design described and shown, and, being so confined, the design of the defendant cannot be held to conflict with it. The two designs not only are not identical, but they do not present the same impression to the eye; nor can I believe that an ordinary purchaser, giving any attention to the subject of design, would be misled into supposing that that of the defendant is that of

the complainant. It is true that the defendant uses a succession of devices, which, when the cap is held in a sloping position, appear to be, severally, of a diamond shape; but, when both caps are held upon a horizontal plane, the effect of the one is wholly different from that produced by the other. For the diamond upon the plaintiff's cap there is substituted a rhombus upon the defendant's, and the space between each of these respective figures is about twice as great in the defendant's design as in that of the complainant. To these differences in detail, separately considered, I would not attach importance; but because, as a whole, they result in producing quite distinct pictures, they are controlling. The respective rosettes are so absolutely unlike as to render any comparison of them unnecessary. The bill is dismissed, with costs.