ROYAL METAL MFG. CO. v. ART METAL WORKS.

(Circuit Court of Appeals, Second Circuit. April 25, 1904.)

No. 151.

1. PATENTS—VALIDITY—DESIGN FOR MECHANICAL CONSTRUCTION.

The Lowenthal design patent, No. 34,357, for a design for a belt to be worn, is void; the essential element of the so-called design being the mechanical construction to give the belt the required shape.

2. COSTS—APPORTIONMENT—UNNECESSARY PADDING OF RECORD.

Where counsel for both parties have largely increased the costs of a case by irrelevant and improper examination of witnesses, the prevailing party will not be allowed to recover all his costs, but they will be so adjusted as to apportion the unnecessary expense between the parties.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here on appeal from a decree dismissing a bill for infringement of complainant's patent, No. 34,357, granted April 9, 1901, to Isaac Lowenthal, for a design for a belt.

For opinion below, see 121 Fed. 128.

Joseph L. Levy, for appellant.
Charles G. F. Wahle, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. We concur in the opinion of the court below that the complainant has no ground for equitable relief. The specifications of the patent and the admissions of complainant's expert show that the essential element of the so-called design is a mechanical construction consisting in the attachment of the fabric of a belt to triangular metal front parts at such an angle that, when the parts are engaged, they will cause the front portion of the belt to dip in a downward direction. In these circumstances, it is immaterial that such an

arrangement was old, and that, even if the patent could be construed to cover the subject-matter of a design, it is not infringed by defendant.

The only question requiring discussion herein is raised by the contention of complainant that the decree of the court below, in so far as it awards costs to the defendant, should be reversed on the ground that defendant had introduced a mass of incompetent, immaterial, and irrelevant depositions herein. Permission was given to counsel at the hearing on this appeal to file tabulated statements of the testimony, in order to enable this court to determine the responsibility of the respective parties for this enormous record of 559 pages. An examination of the record shows, inter alia, the following facts: The deposition of Lowenthal, the patentee of the patent in suit, and the secretary and treasurer of the complainant corporation, called by defendant, appears to cover 100 pages of the record. In fact, said 100 pages are devoted to the wranglings of counsel on matters many of which were entirely immaterial from any point of view, and to questions by defendant's counsel, most of which were either immaterial, or consisted in mere repetitions of questions which the witness had already refused to answer. The deposition of Max Hecht, president of the defendant corporation, also appears to consume about 100 pages of the record. His direct examination covered 14 pages of the record, in answer to 57 questions, most of which were entirely proper. Complainant's counsel, however, objected to more than 50 of said questions, and, having given notice that he would move to strike out the entire deposition, as entirely incompetent, immaterial, and irrelevant, indulged in a cross-examination pregnant with repetitions, inquisitorial and exhausting inquiries concerning irrelevant matters, and motions to strike out, covering nearly 70 pages of the record. Defendant's counsel, on redirect examination, having examined the witness on a single material point raised on the cross-examination, namely, as to whether defendant had in fact applied for a patent for his design for a belt, counsel for complainant stuffed the record with 9 more pages of inexcusable cross-examination. Jacob Hirshfeld, called by defendant to prove the use of the V-shaped buckle prior to the date of the patent in suit, failed to produce any record evidence in support of his assertions, although he deposed that such evidence was in his possession, and complainant's counsel was justified in his refusal to cross-examine. On the other hand, complainant's counsel unnecessarily prolonged the cross-examination of Sanders, called by defendant to prove prior use. It is unnecessary to further discuss the character of the depositions. Counsel for both sides have vied with each other in padding the record, regardless of the rules of evidence and of their duty to the court. In such a case of mutual fault, it is difficult to apportion such penalty as this court is permitted to impose. It would seem, in view of all the circumstances, however, that defendant should not be permitted to recover more than two-thirds of its costs.

The decree of the court below, dismissing the bill, is affirmed, with costs of this court, but is modified as to costs so as to permit defendant to recover two-thirds only of its costs in the court below.