FRIEDBERGER–AARON MFG. CO. v. CHAPIN.

(Circuit Court, E. D. Pennsylvania. February 15, 1907.)

No. 8.

PATENTS—INFRINGEMENT—DESIGN FOR LACE TRIMMING.

The Kerwin & McGinley design patent, No. 36,895, for trimming for ladies' underwear, held infringed.

In Equity. Suit for infringement of design patent No. 36,895, for trimming for ladies' underwear, granted to Thomas Kerwin and John McGinley April 26, 1904. On final hearing.

Frank S. Busser and George J. Harding, for complainant

Joseph C. Fraley, for respondent.

HOLLAND, J. The question involved in this suit is whether the design patent No. 36,895, issued April 26, 1904, has been infringed by the trimmings or edgings sold by the defendant, who is a jobber of trimmings.

The subject-matter of the patent in suit is a design for trimming or edging for ladies' underwear. Trimming for ladies' underwear consists essentially of the body, the selvedge, and the border. The body comprises by far the major part of the trimming, being the part the purchaser "looks at" in determining similarity or dissimilarity of design. To one edge of the "body" of this lace work is attached a conventional selvedge. To the other edge is usually attached a conventional narrow edge or border, which may be more or less varied. It is the body of the lace work alone of the trimming which is set forth in the complainant's patent. Neither selvedge nor border is described or claimed therein. The body alone is set forth in the letters issued by the Patent Office, and consists of parallel rows of waves, each row of waves consisting of a number of rows of chain stitches; the rows being separated from one another by a ladder-like form, consisting of two

long horizontal lines, with cross-bars at close intervals, one of which appears between each row of waves. The outer and inner edge of each wave is attached by short lateral threads.

The defendant has adopted this same general design, differing therefrom only in that there is a single straight line of stitching separating adjacent waves, instead of the ladder-like double lines in the design patented. There is an identity of appearance or sameness of effect upon the eye, and this resemblance we think is so close that it would readily deceive the ordinary observer or purchaser, and this is sufficient to establish the claim of the complainant that the defendant has infringed the design patented. It is very easy to distinguish between the two designs when brought together, but they are so near alike in appearance that the ordinary observer, giving such attention as a purchaser usually gives, would undoubtedly be deceived by the resemblance of the defendant's design to that of the complainant's. This resemblance is so close as to deceive such an observer and sufficient to induce him or her to purchase one, supposing it to be the other, a result held to be the test of the question of infringement. Gorham Co. v. White, 81 U. S. 511, 20 L. Ed. 731.

The complainant's bill is therefore sustained, and a perpetual injunction awarded.