TILDEN-THURBER CO. v. THEODORE W. FOSTER & BRO. CO.

(District Court, D. Rhode Island. April 13, 1912.)

No. 2,748.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR CLOTHESBRUSH.
The Webster design patent, No. 40,789, for a design for a clothesbrush, known in the trade as a "thin model" brush, discloses novelty and a patentable degree of artistic invention; also *held* infringed.

In Equity. Suit by the Tilden-Thurber Company against the Theodore W. Foster & Bro. Company. On final hearing. Decree for complainant.

George N. Goddard, for complainant.
George H. Huddy, Jr., for respondent.

BROWN, District Judge. The bill charges infringement of letters patent No. 40,789, July 26, 1910, to John Webster, assignor to complainant, for design for a clothesbrush.

This brush, known in the trade as a "thin model brush," appears to have been a decided departure from previous types of clothesbrushes, and to have had an immediate success and a very large sale. There has been a considerable amount of acquiescence of well-known merchants in the complainant's patent rights. There is nothing in the way of anticipation by clothesbrushes, and no evidence that a similar design has been applied to a clothesbrush. The defendant offers in evidence brushes of other kinds, including paper hangers' brushes and spoke brushes, upon which he bases the contention that the patent is void for lack of novelty; and it is also contended that the design must be new and ornamental, quite independently of the character of the article to which it is applied, and without regard to utility or function.

It is perhaps fair to say that the brush of thin model may owe a part of its popularity to its compact size, resulting from the use of two rows of bristles, instead of a considerable number of rows, as in the ordinary clothesbrush, and to the novelty of the idea that a thin brush with a very narrow brushing surface is adequate to perform the functions of a clothesbrush. The contention that the success of the brush is nevertheless due in a considerable degree to its new, original, and ornamental design seems reasonable. In the Patent Office the application was rejected by the examiner, who was of the opinion, upon a consideration of brushes of other classes, that the slight change from old forms did not involve invention as an orna-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mental design. Upon appeal to the examiners in chief, the action of the examiner was reversed, with the following statement:

"We fail to find in the references any suggestion of the correlation of straight and curved lines appearing in the design claimed by the applicant. We think this design will support a patent, and the action of the examiner of trade-marks and designs is accordingly reversed."

The ordinary presumption of validity which attaches upon the granting of a patent is strengthened by the record of the proceedings in the Patent Office showing a specific consideration of the defense of noninvention.

There is evidence that the "toilet article and clothesbrush trade" considered the brush a new and quite startling addition to the clothesbrush line. The contention that it makes an æsthetic appeal, as well as an appeal on account of its utility, seems to me not unreasonable.

The complainant insists that the article itself is evidence of refinement of lines and gracefulness of appearance and that there is no evidence to the contrary.

The brushes which most closely resemble the complainant's brush are the long spoke brushes used for cleansing the spokes of carriage wheels. They are of disproportionate length, and it is apparent that they are not at all within the field of æsthetics, and do not have the harmonious proportions or æsthetic appearance of the complainant's brush.

The evidence that the article has been found so acceptable in a trade where attractiveness of appearance is a matter of importance supports the complainant's contention that there is a patentable degree of artistic invention.

Upon the whole, I find no sufficient reason for disagreeing with the views of the examiners in chief. The question of infringement is so clear that a discussion of it would be useless.

I am of the opinion that the patent is valid and infringed, and a draft decree for the complainant may be presented accordingly.