THEODORE W. FOSTER & BRO. CO. v. TILDEN-THURBER CO.

(Circuit Court of Appeals, First Circuit. November 13, 1912.)

No. 983.

1. PATENTS (§ 28*)—DESIGNS—PATENTABILITY.

Under Rev. St. § 4929, as amended by Act May 9, 1902, c. 783, 32 Stat. 193 (U. S. Comp. St. Supp. 1911, p. 1457), which authorizes the granting of a patent to "any person who has invented any new, original and ornamental design for an article of manufacture," a patent may be granted for a design, although its ornamental character consists merely in a new and original shape given to an article of manufacture.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 33; Dec. Dig. § 28.*]

2. PATENTS (§ 15*)—DESIGNS—SUBJECTS OF DESIGN PATENTS.

A clothes brush is a proper subject for a design patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 13; Dec. Dig. § 15.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR CLOTHES
BRUSH.
   The Webster design patent, No. 40,789, for a design for a clothes brush,
*held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the District of Rhode Island.

Suit in equity by the Tilden-Thurber Company against the Theodore W. Foster & Bro. Company. Decree for complainant (195 Fed. 538), and defendant appeals. Affirmed.

Wilmarth H. Thurston and George H. Huddy, Jr., both of Providence, R. I. (Mumford, Huddy & Emerson, of Providence, R. I., on the brief), for appellant.

George N. Goddard, of Boston, Mass., for appellee.

Before COLT, PUTNAM, and DODGE, Circuit Judges.

DODGE, Circuit Judge. The appellee company, by assignment from John Webster, the patentee, owns United States letters patent 40,789, July 26, 1910. This patent is a design patent, and covers "the ornamental design for a clothes brush as shown" in the accompanying drawing. The appellant company admits the making and selling of a clothes brush of a design so similar that discussion of the question of infringement was thought useless by the court below, and the defendant's brief in this court contains the following admission:

"While there are differences in the lines of defendant's brush, as compared with the brush shown in the Webster patent, it is not contended that the differences are such as to avoid infringement, if the patent be valid."

In the District Court the patent was held valid and infringed. 195 Fed. 538. The appellant questions here only the validity of the patent. It contends: (1) That the shape or configuration of a clothes brush does not constitute the proper subject of a design patent; (2) that the patented design was anticipated by the prior art; (3) that, as compared with the prior art, it discloses no patentable invention.

[1] 1. "Any person who has invented any new, original, and ornamental design for an article of manufacture" may obtain a patent for such design upon the terms prescribed in Rev. Stats. § 4929, as amended by Act May 9, 1902, c. 783, 32 Stat. 193 (U. S. Comp. St. Supp. 1911, p. 1457). Before the amendment this section permitted a design patent to issue for "any new, useful and original shape or configuration of any article of manufacture." According to the appellant's contention, the intent of Congress manifested by the amendment is that design patents for the mere shape or configuration of an article of manufacture should no longer be granted. We are not prepared to accept this view. Though the amendment has dropped the word "useful," and the express provision that a new shape or configuration given to an article of manufacture shall be patentable as a design, we are unable to believe it

intended by these changes that no design for any article of manufacture shall be considered "new, original, and ornamental," within the meaning of the section as it now stands, if the ornamental character consists merely in a new and original shape or configuration given to the article. It is, of course, still true, as was held before the amendment, that "design patents refer to appearance, not utility." Rowe v. Blodgett (C. C.) 103 Fed. 873, affirmed on appeal 112 Fed. 62, 50 C. C. A. 120. It is also true now, as before the amendment, that among articles of manufacture there are some incapable of being the subjects of design patents, for want of reason to suppose that their appearance can ever really matter to anybody. Examples of this class are, besides horseshoe calks, as to which see Rowe v. Blodgett, above cited, and Williams, etc., Co. v. Neverslip, etc., Co. (C. C.) 136 Fed. 210, sustained on appeal in Williams, etc., Co. v. Kemmerer, 145 Fed. 928, 76 C. C. A. 466, syringes, plates joining the ends of machine belts, and thill couplings, as to which articles see the decisions cited (C. C.) 136 Fed. 215; also ribbon spools for typewriting machines (Wagner, etc., Co. v. Webster Co. [C. C.] 144 Fed. 405), and insulating plugs (Williams v. Syracuse, etc., Co. [C. C.] 161 Fed. 571). The shape or configuration of such articles can have value only in so far as it may make them more useful. But if a design for an article of manufacture not belonging to this class has the requisite novelty, originality, and ornamental character, we think that section 4929, as amended, makes it none the less patentable in virtue of those characteristics, though it may also give the manufactured article a shape or configuration which is new, or which has greater utility than any previously used. Such a patent, indeed, would cover the new shape or configuration only in its ornamental and not in its merely useful aspect, nor would it be infringed by an article securing the same merely useful result through shape or configuration, unless so nearly the same in appearance as to come within Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731. Of the appellee's brush it is said in the opinion below:

"The contention that it makes an æsthetic appeal, as well as an appeal on account of its utility, seems to me not unreasonable."

[2] On this point we agree with the learned District Judge. We do not think it can be said of clothes brushes, any more than of many other similar toilet articles, that no artistic configuration given to them, addressed to the eye, can of itself render them more desirable. We are therefore unable to class them among articles incapable of being subjects of design patents, or of design patents based on shape or configuration.

[3] 2. To support the claim that the patented design was anticipated by the prior art, the following facts are relied on: The design shows a brush having two rows of bristles only. The two rows are set closely together, and the brush thus formed has a width very small in proportion to its length, being thus what the appellee calls a "thin model" brush. Narrow brushes, having two, three, or four rows of bristles only, and thus of a width small in proportion to their length, were known and used long before the patent. Such

brushes were either intended for use between the spokes of wheels, and called spoke brushes, like Defendant's Exhibits A, B, C, those of Hawley et al., 1889 (Defendant's Exhibit P), Shaw et al., 1894 (Defendant's Exhibit Q), or those shown in Hampton & Scott's catalogue (Defendant's Exhibit F), or were intended for use by paper hangers, like that shown in Sears, Roebuck & Company's catalogue (Defendant's Exhibit G), or do not appear to have been intended for any special use, like those of Hoke (United States design patent 30,728), or Robinson (United States design patent 25,466). As to no one of these brushes does it appear that it was intended for a clothes brush. No one of them can be said to compete in attractiveness of appearance with the appellee's brush, so far as shape and configuration are concerned. No one of them is in shape or configuration enough like the appellee's brush to make it probable that one might be mistaken for the other. If any one of them can be said to possess, by reason of the thinness of its model, the same merely useful features, no anticipation is thereby shown, because there can be no anticipation of what is purely ornamental by that which is useful only. As to anticipation of the design in its purely ornamental aspect, the patent for it appears to have been granted because the examiners in chief failed to find any previous "suggestion of the correlation of straight and curved lines" appearing in it. We are unable, as was the District Court, to find sufficient reason for disagreeing with this view. We are therefore unable to hold the patent void for lack of novelty.

3. The record contains evidence tending to show that clothes brushes of the patented design have been found acceptable in a trade where attractiveness of appearance is a matter of importance. The District Court thought this evidence sufficient for the conclusion that the design shows a patentable degree of artistic invention, and we are of the same opinion.

It follows that the appellant infringes, not because it has made a "thin model" clothes brush, but because in so doing it has copied the appellee's ornamental design.

The decree of the District Court is affirmed, and the appellee recovers its costs of appeal.