**NORTH BRITISH RUBBER CO., Limited, v. RACINE RUBBER TIRE CO. OF NEW YORK, Inc.**

(Circuit Court of Appeals, Second Circuit. February 23, 1921.)

No. 166.

1. Patents ⚙⇒15—Design patent cannot be granted to protect trade-mark rights.

A design patent for a design for a tire cannot be used to identify the patentee's anti-skidding device, and thereby in effect operate as a trade-mark.

2. Patents ⚙⇒15—Articles not subject to design patent, if appearance cannot matter to anyone.

Some articles of manufacture are incapable of being the subjects of design patents, for want of reason to suppose that their appearance can ever really matter to anybody.

⚙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Patents ⊙⟋15—Design for mechanical product patentable, if invention relates to design.**

It is not necessarily a fatal objection to a design patent that the design is exhibited upon a mechanical product devoted to utilitarian purposes, provided the design is the result of invention; but the invention must relate to the design, and be distinguishable from that which contrived the mechanical product for commercial purposes.

**4. Patents ⊙⟋157(1)—Questions of infringement and invention determined by considering design as a whole.**

A patented design must be looked at as a whole, and both invention and infringement be decided by considering the entity, and not dissecting it, for purposes of hostile criticism.

**5. Patents ⊙⟋180—Design patent, differing but slightly from earlier efforts, must be given narrow scope.**

When a design patent, like any other patent, shows but small difference from the efforts of earlier inventors, it must be accorded a narrow scope.

**6. Patents ⊙⟋326—45,092, for design for tire, held invalid.**

The Johnson design patent, No. 45,092, for a design for a tire, consisting of a raised ridge extending around the tire and having extensions forming crosses and diamonds or squares, *held* invalid as an effort to secure a monopoly of the mechanical excellences thought to inhere in the peculiar arrangement of ridges and hollows, or to prevent the making of tires like those patented in another country by mechanical patent.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by the North British Rubber Company, Limited, against the Racine Rubber Tire Company of New York, Incorporated. From a decree for defendant, plaintiff appeals. Affirmed.

Suit is upon the design patent (45,092) issued to Alexander Johnson, of Edinburgh, Scotland, on December 30, 1913; application filed August 1, 1913. The patent covers a "design for a tire," concerning which the application says: "The tire tread consists of a raised central strap or ridge extending continuously around the tire and having extensions forming crosses and diamonds or squares arranged alternately with the crosses and at uniform distances apart."

On this disclosure is based a single claim, which merely repeats the words above quoted. The accompanying drawing exhibiting the design reveals a clincher tire of any ordinary construction, having superimposed upon its smooth surface the circumferential strap or ridge above referred to, which strap intersects at regular intervals a cross in the form of an X, while between these regularly disposed crosses are extensions of the central ridge forming the "diamonds or squares" above referred to, and so disposed that each side of every square has the arm of a cross parallel with it and separated therefrom by a hollow as deep as is the height of the superimposed mass of rubber, forming ridge, crosses, and squares.

Six months after Mr. Johnson applied for this American design patent, he filed application for a British mechanical patent (2,887 of 1914). This application reveals the identical thing covered by the Johnson patent in suit, but it is described in terms of mechanics, instead of terms of appearance. The specification declares that the invention consists in providing "a distinctive pattern or tread, which will give the maximum life possible, and at the same time prevent skidding or side-slip." Reference is then had to a drawing which is almost identical with that of the American patent, and of the thing pictured it is said that "in all positions of the tire and in all directions of motion the resistance to skidding is effective, owing to the sides of the hollow portions [between the diamond and cross-arm] being in opposition to such skidding,

⊙⟋For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the sides of the [hollow portion] radiating in all directions." The plaintiff herein is the owner both of the British patent and the one in suit.

Defendant manufactures a so-called "non-skid" tire, which discloses the circumferential ridge or strap with X's bisected thereby at regular intervals, but between the arms of the X crosses are no squares or diamonds, but there are raised triangles, separated alike from the cross-arms and the circumferential strap by rather deep excavations. In effect upon the eye the continuity of the central strap is far more marked than in plaintiff's design.

The District Court dismissed the bill on the ground of noninfringement. Plaintiff appealed.

Kenyon & Kenyon, of New York City (Alan D. Kenyon, of New York City, of counsel), for appellant.

E. Clarkson Seward, of New York City, and Wm. O. Belt, of Chicago, Ill., for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The evidence is plain that the prime object of the plaintiff's tire is not to please the eye, but to accomplish physical or mechanical desire, viz. to prevent skidding. The question that any instructed person would ask on examining the Johnson tire is not, "How does it look?" but "What will it do?" Rowe v. Blodgett, 112 Fed. 61, 50 C. C. A. 120. Nor is it doubtful that the purpose next in importance is to identify plaintiff's anti-skidding device, and thereby in effect operate as a trade-mark; a purpose for which the patent law cannot be used, as was also held in the case just cited.

[2] It has been well said that there are some "articles of manufacture * * * incapable of being the subjects of design patents, for want of reason to suppose that their appearance can ever really matter to anybody" (Foster v. Tilden, etc., Co., 200 Fed. 56, 118 C. C. A. 284), and the tread of a motor tire intended for the hard usage of roads, and contact with every species of dirt, comes very close to the class referred to.

[3] Yet it is not necessarily a fatal objection to a patent of this class that the design itself is exhibited upon a mechanical product devoted to utilitarian purposes, provided that the design per se is (inter alia) the result of invention. Dietz v. Burr, 243 Fed. 594, 156 C. C. A. 290. But the invention must relate to the design and be distinguishable from that which contrived the mechanical product for commercial purposes.

[4, 5] It is not denied that the prior art contains examples of non-skidding tires fully revealing the circumferential central ridge of plaintiff combined with bisected raised crosses (Whitlock, 1,013,085; Wittenberg, 1,069,365); but it is said truly that the design must be looked at as a whole, and both invention and infringement be decided by considering the entity and not dissecting it for purposes of hostile criticism. But when a design patent (like any other) shows but small difference from the efforts of earlier inventors it must be accorded a narrow scope. Weisgerber v. Clowney (C. C.) 131 Fed. 477.

Whether adding squares or diamonds to that which the central ridge bisected amounted to invention, or whether a tire is so utilitarian as

not to offer fit subject-matter for a design patent, are questions as to which the evidence is so limited, that we forbear opinion, and will for argument's sake assume the affirmative with appellant.

[6] But the result below must be affirmed, on the ground that this patent is a plain effort to secure, under the guise of a design, a monopoly of the mechanical excellences thought to inhere in the peculiar arrangement of ridges and hollows resulting from the revealed combination of strap, crosses, and squares.

Put in another way, the only purpose of this design patent is to secure in the United States the right of preventing others from making tires like those patented in England by a mechanical patent. This cannot be done, and the effort invalidates the patent. Royal, etc., Co. v. Art Metal Works, 130 Fed. 778, 66 C. C. A. 88.

The foregoing renders it unnecessary to express opinion as to infringement; i. e., similarity.

Decree affirmed, with costs.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes