## COCA–COLA CO. v. WHISTLE CO. OF AMERICA.

District Court, D. Delaware. July 15, 1927.

No. 637.

**1. Patents ☞328 — 48,160, for bottle design, held not infringed by design under 70,843.**

Samuelson patent, No. 48,160, for design of bottle employing ogee curve, *held* not infringed by design under Jones patent, No. 70,843.

**2. Patents ☞180—Range of equivalents to which design patent is entitled depends on invention's position in art.**

Range of equivalents to which a design patent is entitled depends on and varies with the position of the invention in the art, or with the degree of invention.

**3. Patents ☞252—Confusion resulting from similarity of use of bottles would not convert into infringement design which otherwise would not be infringement.**

Confusion resulting in purchasers' minds from similarity of use of bottles made under different design patents would not convert into an infringement design which, but for such use, would not be an infringement.

In Equity. Patent infringement suit by the Coca-Cola Company against the Whistle Company of America. Bill dismissed.

See, also (D. C.) 20 F.(2d) 261.

Harry D. Nims, James J. Kennedy and Wallace H. Martin, all of New York City, and E. Ennalls Berl, of Wilmington, Del., for plaintiff.

Samuel E. Darby, Jr., of New York City, and William G. Mahaffy and Rodmond S. Mahaffy, both of Wilmington, Del., for defendant.

MORRIS, District Judge. The Coca-Cola Company, the plaintiff and owner of design

patent No. 48,160, to Samuelson, by this suit in equity seeks a decree against Whistle Company of America, adjudging its use of the bottle described in design patent to Jones, No. 70,843, owned by the defendant, to be an infringement of the Samuelson patent, and awarding an injunction. The plaintiff has abandoned any right to relief by virtue of the remaining patents sued upon. The defendant challenges the validity of the Samuelson patent, and denies infringement.

[1] The plaintiff takes the position that the design patent statute must be given a construction that will make it of value in the progress of the useful arts. To effectuate this end it contends that a design patent must be given a scope that will bar the use by others, not only of an identical design, but as well of all other designs so similar as to deceive ordinary observers (Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606; Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731; Braddock Glass Co. v. Macbeth [C. C. A.] 64 F. 118), and that a design patent, like others, is entitled to a range of equivalents (Borgfeldt & Co. v. Weiss [C. C. A.] 265 F. 268). The defendant, however, urges that a design patent is limited to the particular design shown in the drawings filed, and that the doctrine of equivalents is not applicable to design patents. Frank v. Hess (C. C.) 84 F. 170. This is not a case, however, in which the issue of law between the parties needs to be discussed, or even passed upon, for, as I view the matter, the finding to be made upon the issue of infringement is determinative of the character of the decree to be entered. Consequently it may be here assumed, without so deciding, that plaintiff's patent is valid, and that its contentions with regard to the law are sound.

[2] But it must be remembered that the range of equivalents to which even a process or apparatus patent is entitled depends upon and varies with the rank or position of the invention in the art, or "with the degree of invention." Paper Bag Patent Case, 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122. A more liberal rule is not to be applied to design patents. North British Rubber Co. v. Racine Rubber Tire Co. (C. C. A.) 271 F. 936. It may also be assumed, without deciding, that it is infringement to imitate the characteristic feature of the patented article or design, even though there are other differences; that side by side comparison in court is not a proper test (Friedberger–Aaron Mfg. Co. v. Chapin [C. C.] 151 F. 264); and that the true criterion is whether defendant's bottle so resembles the design of the patent in suit that

thereby ordinary observers or would-be purchasers would be misled (Borgfeldt & Co. v. Weiss [C. C. A.] 265 F. 268).

Before the issue of infringement can be determined, the pith or characteristic feature of plaintiff's invention must be ascertained. Plaintiff asserts that this feature is found in the line known to art and architecture as the "line of beauty," or ogee curve. It consists of a double or reverse curve, convex and concave. This curve the plaintiff finds in defendant's bottle. If both these premises are sound, a conclusion of infringement is inevitable. The minor premise is sound. Whether the heart of the invention resides in the employment of the ogee curve must be ascertained from the novelty of the curve and its employment in the prior art.

There is, of course, no contention that the curve itself is novel, for it is as old as the human body. By means of it the pottery of the most ancient races was made pleasing to the eye. For centuries it has been the handmaid of the architect. It has, as well, been long employed in designs for bottles. Wetherill made use of it in his bottle design patent, No. 755, granted to him in 1856. In patent to Woolf, No. 16,802, granted July 13, 1886, the essential feature of the design consisted of the curvilinear contraction in the body of the bottle combined with a flat face, a globular shoulder, and a straight neck with an ornamental piece. It was likewise the curve of beauty in the bottle design illustrated in patent No. 19,107, granted to Gulden May 21, 1889, in patent No. 23,380, granted to Juhring in 1894, and in patent No. 39,208, granted to Jones in 1908.

Obviously, if the assumption of validity of plaintiff's patent is to be persisted in, in the light of the prior art, the characteristic feature of Samuelson must be discovered elsewhere than in the use by him of the ogee curve. Since this is a design patent, it may be elsewhere found only in the symmetry and proportion of the bottle, or in its decorative design, or in the combination of the two. Inasmuch as there is only contrast, and no similarity, between the ornamentation of the two bottles, it seems to me that the main inventive idea is not to be found either in the decoration or in the combination of the decoration and symmetry of the structure.

Consequently infringing similarity is to be found, if found at all, only in the proportion or symmetry of the respective bottles. But here again is contrast, and not similarity. The bottle of the Samuelson patent is relatively short and stocky. Its greatest diameter, midway its height, is greatly more than

one-third of its height. Its base is relatively small. Its curvilinear contraction is just above its base. It gives to the observer the impression of rotundity. The lengths of the radii of the circles whose arcs comprise the curves forming the outlines of plaintiff's bottle differ greatly from those of the like radii of defendant's bottle. The defendant's bottle is long and lean. Its greatest diameter, found at the base, is substantially less than one-third of its height. The contraction brought about by the concave portion of the ogee curve is one-third the length of the bottle from the base. Instead of rotundity and heaviness, the observer here sees slenderness and lightness.

Save for such similarity as results from the common use of the ogee curve and the resulting curvilinear contraction of the bottle, the most casual observer would find no difficulty in distinguishing one bottle from the other. As these general characteristics are not within the monopoly of plaintiff's patent, and as confusion, if any, to constitute infringement, must result from similarity of the patented design, I see no escape from a finding of noninfringement.

[3] If, perchance, because both the plaintiff and the defendant use their respective bottles as containers for soft drinks or nonalcoholic beverages, confusion in the minds of purchasers results, this fact, as I see it, contrary to my understanding of plaintiff's view, would be without effect either to extend the scope of plaintiff's patent or to convert into an infringing design any design that, but for such similar use, would not be an infringement. If defendant's use of its bottle in the soft drink trade has injured the plaintiff its right to redress arises out of principles other than those of the patent law.

The bill of complaint must be dismissed.