## TRY-ME BEVERAGE & COMPOUND CO. v. METROPOLE.

District Court, E. D. South Carolina.   March 24, 1928.

No. 413.

1. Patents ⊛28—Design, to be patentable, must contain elements grouped so as to produce pleasing appearance different from what has preceded it.

To render a design patentable, it is not necessary that all the elements of the design be new, but it is essential that the elements, whether new or old, be grouped or combined in such a manner as to produce a pleasing appearance, different from what has preceded it.

2. Patents ⊛252—A substantial similarity which would deceive ordinary observers is sufficient to constitute infringement of design patent.

The test of infringement of a design patent is not whether there are dissimilarities between the two designs, but whether, in the eye of the ordinary beholder they are substantially similar and the resemblance is such as to deceive an ordinary observer.

3. Patents ⊛328—No. 64,568, for design for bottle, held valid and infringed.

Schwenck design patent, No. 64,568, for design for bottle, held valid and infringed.

In Equity. Suit by the Try-Me Beverage & Compound Company against Jack G. Metropole. Decree for complainant.

Johnston & Jennings, of Birmingham, Ala., and Epps & Levy, of Sumter, S. C., for plaintiff.

J. D. E. Meyer, of Charleston, S. C., for defendant.

HALE, District Judge. The plaintiff, owner of design patent of the United States No. 64,568, brings this suit alleging infringement of the patent by the defendant. The plaintiff holds his title to the patent by assignment from F. W. Schwenck, the inventor.

The defenses are that the patent lacks invention by reason of nonpatentability and of anticipation in the prior art, and that it has not been infringed by the defendant.

The plaintiff contends that the patent embodies these elements: (1) There are three distinct panels; (2) the upper panel tapering upwardly, with the middle panel inwardly curved, the two upper panels giving the appearance of a normal bottle superimposed upon the lower panel; (3) all three panels are provided with vertical ribs; (4) two distinct belts extending around the bottle, one of the belts separating the middle and top panels, and the other separating the middle and bottom panels; (5) a distinct belt extending around the bottle midway of the lower panel.

Testimony is introduced in reference to the progress of the art of bottling soft drinks, tending to show that the final step in that art has been to design a bottle having a distinctive appearance differing from those already known to the trade, and one having a pleasing effect on the eyes of the purchaser, making it attractive as to outward appearance.

The defendant brings before the court many patents claimed to be anticipatory of the patent in suit, and urges that, with these patents before him, any one starting to design a soft drink bottle would have no difficulty in making the plaintiff's bottle, because there is no feature in it that has not been found in some prior patent. Upon careful examination of the prior patents, it is clear that none of these patents show the plaintiff's combination of the upper tapering panel, the intermediate inwardly curved panel, separated by a band, and giving the effect of a complete bottle, sitting upon a pedestal; nor do they show the design of three distinct panels separated by bands; none of them give the general effect of the combination of the patent in suit. It is unnecessary to discuss in detail the several patents submitted in the prior art. The Miller patents, Nos. 64,124 and 64,125, present an example, coming as near anticipation as any of the patents brought before me; but in these patents there are found no distinct panels, but portions having varying diameters, and surface ornamentation consisting of grooves extending into the sides of the bottle. The effect upon the eye is, I think, different in these patents from that found in the patent in suit. The distinctive impression created by the plaintiff's patented design is absent in the Miller patents, and in all the other patents brought before me.

The defendant further contends that the design in the patent in suit does not possess such beauty and such an appeal to the æsthetic sense as entitles it to patentability, but that it shows merely the work of an ordinary designer, citing Gorham v. White, 14 Wall. 511, 20 L. Ed. 731; Bolte & Weyer Co. v. Knight Light Co. (C. C. A.) 180 F. 412.

[1] The courts have invariably held that a design patent appeals solely to the eye. The appearance is the essential consideration. It is not necessary for a design patent that all the elements of the design be new; it is essential that the elements, whether new or old, be grouped or combined in such a manner as to produce a pleasing appearance, different from what has preceded it. The fact that the elements of a design patent were old does not establish want of invention in assembling them. The decisive question is whether or not the design imparts a pleasing impression to the eye of ordinary observers. Gorham v. White, 14 Wall. 511, 20 L. Ed. 731, supra; Boyle v. Rousso (C. C. A.) 16 F.(2d) 666; Whiting Manufacturing Co. v. Alvin Silver Co. (C. C. A.) 283 F. 75; Zidell v. Dexter (C. C. A.) 262 F. 145; Knapp v. Will & Baumer Co. (D. C.) 253 F. 191.

Bearing upon the question of the novelty of the plaintiff's design, certain testimony has been offered showing that the defendant, as early as 1924, applied by letter and otherwise for permission to use the "Try-Me" bottle of the plaintiff, and urged the plaintiff to permit him to use his design upon certain bottles which the defendant was designing.

In view of all the testimony found in the record, I am constrained to find that the plaintiff's patent is valid and that its scope is not anticipated or limited by patents found in the prior art.

[2] The defendant's bottle, alleged to infringe the plaintiff's patent, is produced under patent No. 67760. This patent was issued subsequently to the plaintiff's design patent; and it is contended by the defendant that the action of the Patent Office is a substantial holding that the defendant's design did not infringe the design of the plaintiff's patent, citing North British Rubber Co., Limited v. Racine Rubber Tire Co. of N. Y. (C. C. A.) 271 F. 936. It is contended that, if a single element of the patented design

is omitted, without the use of its equivalent, there can be no infringement. There is no merit in these contentions. Gorham Co. v. White, supra, and Knapp v. Baumer Co. (D. C.) 253 F. 191.

The learned counsel for the defendant makes this comparison of the two bottles:

"The defendant's bottle is more slender in appearance than plaintiff's bottle. It is slightly smaller in diameter than plaintiff's bottle. The shoulder of defendant's bottle has the appearance of being practically straight, while the shoulder of plaintiff's bottle is convex and bulges outwardly. The plaintiff's horizontal rings are heavy and convex, while the rings on defendant's bottle are produced by stopping the longitudinal ribs. The defendant's ribs are slight in appearance, flat, and do not project beyond the surface of the bottle. The rings of the defendant's bottle have the effect more of a flat belt while those of the plaintiff's bottle have more of a rope effect. The defendant's bottle has a swayed-in middle section, but it is longer than the middle section in the plaintiff's bottle. The defendant's swayed-in middle section follows more closely the section of the Miller patent, No. 64,124, than it does the plaintiff's middle section. One of the outstanding differences between the design patent of the defendant and the design patent of the plaintiff is that the design patent of the defendant has a name plate or panel as a part of its center section of its design patent, whereas the plaintiff has no name plate or panel on the center section of its design patent. The wide, flat ribs in the center section of plaintiff's design patent are continuous, and one can readily count on the original design patent of the plaintiff six continuous, longitudinal ribs, which are unbroken, whereas the bottle offered in evidence by the plaintiff has only two unbroken longitudinal ribs in its entire center section.

"The longitudinal ribs on the two bottles are entirely different, and a casual observer of the design patents themselves could not possibly mistake one bottle for the other because they have an entirely different effect upon the eye. The plaintiff's bottle has longitudinal ribs which are relatively wide and sharply tapered at their upper ends and have the effect of parallel perpendicular panels, while the ribs on the defendant's design are slender and apparently very numerous, and are not wide and flat as the ribs are on the plaintiff's design patent. Furthermore, the short, slight ribs on the cylindrical base of defendant's bottle are entirely different from the broad, flat ribs upon the swayed-in lower section of plaintiff's bottle."

The defendant further urges that the casual observer of the two design patents would notice that the plaintiff's design patent provides for two slightly swayed-in portions or sections, whereas the defendant's design patent provides for only one swayed-in section, which is more pronounced than the swayed-in section in the plaintiff's design; that defendant's bottle has no swayed-in lower section or pedestal; that defendant's lower section is cylindrical. The defendant also relies upon certain measurements showing that the two bottles in question have slightly different diameters, and that there are other minor differences in the bottles.

It is not necessary to decide whether or not the above dissimilarities may on close inspection be found in the two designs. The test of infringement is not whether dissimilarities between two designs may or not be found. The courts hold, on the question of infringement, that if, in the eye of an ordinary observer, two designs are substantially similar, and if the resemblance is such as to deceive an observer, the first design patented may be held to be infringed by the other.

And it is the duty of the court to inquire whether or not defendant's design so nearly resembles plaintiff's design as to lead ordinary purchasers to mistake one for the other. Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731; Klotz et al. v. Imperial Perfumery & Barber Supply Co., Inc. (D. C.) 298 F. 174–176; I. W. Collins v. F. M. Paist Co. (D. C.) 14 F. (2d) 614.

[3] In the instant case, I think the similarity between the plaintiff's and defendant's bottles is striking. There is present in both designs the upper tapering ribbed panel, the middle inwardly swayed panel, also ribbed, and the lower ribbed panel, with distinct bands separating the panels. There is present in defendant's design that broad combination of elements found in plaintiff's design, and which is not disclosed in the prior art by any of the patents cited by the defendant. The additions made by defendant to plaintiff's design do not escape the similarity. The broad combination is still present in both bottles. The proportions of the defendant's design, as compared with plaintiff's design, are similar. The ribbing on the upper tapering panel extends substantially the same distance on both defendant's and plaintiff's design. The upper and second bands are at substantially the same height on both bottles; the relation of diameter to

height is substantially the same; the width of the upper and second bands is practically the same. In fact all the elements shown as constituting novel combinations, invented by plaintiff's assignor, are found present in substantially the same proportionate blending in defendant's bottle.

The record shows testimony of some probative value relating to the subject: Teaver, who has been engaged in the trade for more than 14 years, testified that it would be difficult to distinguish between the design of the plaintiff, and that of the defendant, Metropole; that it would be even more difficult to distinguish between them when the two are filled with beverage. He further testified that in his opinion the buying public would be deceived by the similarity of appearance between the defendant's and the plaintiff's bottle. The witness Comati, who has also been engaged in the beverage business for years, testified that in his opinion the two bottles are almost identical, and could not be readily distinguished by the trade. When pressed by the defendant's counsel on cross-examination, and asked about the swayed-in portion of the lower panel, he said that the fine workmanship of defendant's bottle gave the "expression" of a lower panel similar to that of the plaintiff. Link, a disinterested witness, testified that he had been associated with the beverage bottle business for about five years; that he was familiar with different bottle designs; that, when the design of the defendant's bottle was submitted to his company, Laurens Glass Works, to manufacture, it was regarded as strikingly similar to the plaintiff's patented design of bottle, and the Laurens Glass Works refused to manufacture it. He further said that in his opinion the defendant's bottle so nearly resembles that of the plaintiff that the ordinary customer would be deceived, and would buy the defendant's bottle, thinking he was purchasing that of the plaintiff.

In the case of Coco-Cola Co. v. Whistle Co., 20 F.(2d) 955, Judge Morris, of the District Court of Delaware, held that a design patent differing but slightly from earlier efforts, must be given narrow scope; and in that case he held that there was no infringement, and dismissed the bill. He followed, however, the same road in reference to the law of infringement which I have followed in this case. In the course of his opinion he said:

"It may also be assumed, without deciding, that it is infringement to imitate the characteristic feature of the patented article or design, even though there are other differ-ences; that side by side comparison in court is not a proper test (Friedberger-Aaron Mfg. Co. v. Chapin [C. C. A.] 151 F. 264); and that the true criterion is whether defendant's bottle so resembles the design of the patent in suit that thereby ordinary observers or would-be purchasers would be misled (Borgfeldt & Co. v. Weiss [C. C. A.] 265 F. 268)."

In the case before me, on examination of the patents produced in the prior art, I have refused to limit the scope of the patent in suit.

After a careful comparison of the two designs and of the testimony in the case, I am of the opinion that the defendant's design so nearly resembles that of the plaintiff that the ordinary observer would be likely to be deceived. I find that the defendant has infringed the design patent of the plaintiff. I have, then, found the patent to be valid, and that the defendant has infringed. Let a decree be presented consistent with the above opinion and granting an accounting. George L. Buist, Esq., of Charleston, S. C., is appointed master, to pass upon all matters relating to the accounting. The plaintiff recovers costs.