## SWANK PRODUCTS, Inc., v. SILVERMAN et al.

District Court, D. Rhode Island.
Jan. 18, 1938.

928

Herbert B. Barlow (of Barlow & Barlow), of Providence, R. I., and Robert Cushman, of Boston, Mass., for complainant.

Ira Lloyd Letts and Alan P. Cusick, both of Providence, R. I., for respondents.

MAHONEY, District Judge.

The petitioner in its bill of complaint charges the respondents with infringement of two design patents, to wit, U. S. patent No. 100,163, and U. S. patent No. 100,593, and seeks, as relief, an injunction, an accounting of profits and damages. It manufactured and sold as a single article a cravat holder which consists of two parts,

a clip, manufactured under patent No. 100,593, and a pendant manufactured under patent No. 100,163. The petitioner owns the patents by assignments.

The respondents deny the validity of the patents and the alleged infringement. They deny that Viola F. Howard and Lawrence E. Baer were the original, sole, and first inventors of the design so patented, and aver that the subject-matters of the patents were known to and used by others in this country prior to the alleged inventions, and had been in public use and on sale in this country prior to the alleged inventions, and for more than two years prior to the applications, and that the alleged inventions had been described and illustrated in printed publications and patents prior to said inventions and for more than two years prior to the applications of said patents.

The facts and conclusions appearing herein may be adopted as findings of fact and conclusions of law, in accordance with the provisions of Equity Rule 70½, 28 U. S.C.A. following section 723.

The first question for determination is the validity of the patents.

■ The grant for design patents is obtained by compliance with the provisions of Revised Statutes, §§ 4929 and 4933, as amended, 35 U.S.C.A. § 73. It is for "any new, original, and ornamental design for an article of manufacture." The rights derived therefrom and the exclusive enjoyment thereof, together with the profits arising from the use and sale of such articles so manufactured, receive the protection of the patent law only through strict observance of the provisions of the statute.

■ Once the patent has been issued by the patent office, there is the presumption that it is valid. The effect of the force and persuasiveness of such presumption is sometimes questioned. Where it appears in the history of the case that the file wrapper in the patent office contained a complete history of the prior art, it is submitted that the presumption then has a very potent force. Where the file wrapper contains little or no reference to the prior art, it is sometimes argued that the presumption which arises on the issuance of the patent should not operate as of such protective force for the patent.

■ In the cause in suit, it appears that the file wrapper in design patent No. 100,-163 contains no reference to the prior

art, and there is very little reference in the file wrapper of design patent No. 100,593 of the prior art. It thus appears that such a distinction in the force of the presumption as to the validity of a patent is present in this case. However, it is clear that the presumption, weak or strong, is still present, and such a presumption upon the issuance of the patent places the burden upon the respondent to sustain his denial of the validity of the patent beyond a reasonable doubt. To maintain his position with success in denying the validity of the patent, his evidence must be clear and convincing.

It is true that a review of the publications and other patents produced as exhibits by the respondents do show certain characteristics which might be prominent in the design patent of the petitioners. However, it is definitely clear that they have been used in different styles and combinations than are portrayed in the design patent in suit.

■ It has been repeatedly determined that originality and novelty are not to be denied to a patented design because certain parts of the design are old. In Matthews & Willard Mfg. Co. v. American Lamp & Brass Co., C.C., 103 F. 634, 639, it is stated that:

"A patented design must be viewed and considered as a whole, and originality and novelty will not be denied to it because elements or component parts of the design are old. The philosophy of the rules applicable to a patent for a combination in the mechanical art applies to a patent for a design. A combination of elements that are old is patentable, if it produce a new and useful result as the product of the combination; and a design which avails itself of suggestions old in art is patentable if, as a whole, it produce a new and pleasing impression on the aesthetic sense."

The court in Try-Me Beverage & Compound Co. v. Metropole, D.C., 25 F.2d 138, 139, says:

"The courts have invariably held that a design patent appeals solely to the eye. The appearance is the essential consideration. It is not necessary for a design patent that all the elements of the design be new; it is essential that the elements, whether new or old, be grouped or combined in such a manner as to produce a pleasing appearance, different from what has preceded it. The fact that the elements of a design patent were old does not establish want of invention in assembling them. The decisive question is whether or not the design imparts a pleasing impression to the eye of ordinary observers." Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L.Ed. 731, and other cases are cited.

Ashley v. Weeks-Numan Co., 2 Cir., 220 F. 899, 902, recites that:

"This court has before said, and now repeats, that the fact that each separate element in a patented design was old does not negative invention, which may reside in the manner in which they are assembled, since it is the design as a whole, and the impression it makes on the eye, which must be considered."

■ A combination of elements producing a new and useful result and containing a "patentable degree of artistic invention" is a combination which clearly comes within the provisions of the patent law. Theodore W. Foster & Bro. Co. v. Tilden-Thurber Co., 1 Cir., 200 F. 54, 57.

From early tribal days man, for himself and for the feminine members of his tribe, has sought and obtained, sometimes through great hardship, articles of personal adornment. In the state of conditions at that time in the history of man such articles were necessarily crude. As civilization advanced, man became more refined. He surrounded himself with much culture, became a student of the fine arts, and developed a keener appreciation of the aesthetic. It is obvious that his sense of refinement in matters of personal adornment became more fastidious. This narrowed the field of production and laid a particularly heavy burden upon the manufacturers of articles of jewelry and personal ornamentation.

As time progresses the field becomes more restricted, so that the question as to what is meant by "a patentable degree of artistic invention" becomes more difficult, particularly when it is found that some authorities on patent law state without qualification that it is something akin to genius. Jewelry and ornamentation of this type is manufactured to satisfy the foibles of men for personal vanity. The makers must strive for repeated changes to present an article of attractiveness to the buyer. This attempt to meet the demands of the trade and satisfy the whims of the buyer necessarily narrows the realm of manufacture in such articles. It is difficult to determine whether each article comes within the provisions of the statute. Attractiveness and

930

novelty in such pieces of jewelry are continually sought after, and where the artistic invention is present in the design, whether a combination of the new or the old, the design itself is protected by the patent law.

With such a background, it seems clear that the patents in suit contain the "patentable degree of artistic invention" necessary to meet the demands of the statute for something "new, original and ornamental" in a design patent.

The cravat holder here in suit is the result of the two design patents and is sold as a single article. It has the novelty, attractiveness, and artistic invention required for a design patent. Separately considered, the same may be said of design patent No. 100,163, which covers the pendant. It also is true of the clip, which is covered by design patent No. 100,593. The validity of the latter is strengthened by its attractiveness and commercial success. Were there any doubt as to its validity, the fact that it is a part of the design of the article which has met with such a phenomenal commercial success adds a weight which is controlling as to its validity. The conclusion is that the patents contain the required invention and are valid.

Are the respondents guilty of the charge of infringement?

The answer to that question is controlled by the effect upon the eye of the ordinary purchaser as he gives such attention as a purchaser usually gives in buying the article. Is there identity of appearance and substantial identity of design? Is the resemblance such as to deceive the ordinary purchaser? Is the effect upon his eye the same? And is he thus induced to purchase one thinking it is the other, while giving such attention as a purchaser usually gives to such a transaction? If these elements are present, there is infringement. Gorham Mfg. Co. v. White, supra. In working out the test thus defined, it is not the opinion of the expert which controls. It is that of the ordinary buyer. While it may be true that in many instances the purchaser may not have the opportunity to make a side by side test, a presentation of the cause of alleged infringement may involve

such a test. McKay Co. v. Logan Co., D.C., 15 F.Supp. 644. It may involve a side by side test by the court itself. But they are not the true tests.

These tests may be presented, and the court may consider them. But the court must have in mind the law as prescribed in Gorham Mfg. Co. v. White, supra, when it arrives at its conclusion as to the alleged infringement.

It is in evidence that the petitioner's product is linear, rectangular, severe, and modernistic, and has a distinctly finished appearance. It is neat in its design and character. The respondents' is described as heavier, more ornate, "mannish," a clumsier type, and not as neat looking. It is in testimony that the petitioner's design is "the more distinguished product."

Its straight parallel lines mark it with a distinction quite different from the oval effect of the respondents' product. These differences in the design of the patent as a whole are such as the ordinary customer would see. He would have no difficulty in distinguishing between the two designs. He would not be deceived.

What is so stated concerning each design as a whole is true also of the pendant and clip patents separately. The scroll on the top and the single loop of metal with the space between it and the frame at the bottom are not merely something which the respondents have added to a patented design. They are of such character and form that they make the two different and distinguishable.

The presence of the scroll on the top and the bowed frame on the bottom immediately take away the effect of the straight lines of the petitioner's design. The clip of respondents has bars open to the eye which are heavier in appearance and a more rounded effect. The petitioner's has a flat and more elongated appearance.

It is clear that the ordinary purchaser would not be deceived.

There has been no infringement.

It is not necessary to determine the question of notice.

The bill is dismissed.