KRUTTSCHNITT v. SIMMONS et al.

SAME v. GOTTLOB.

·(Circuit Court, S. D. New York.　October 9, 1902.)

1. PATENTS—DESIGNS—EVIDENCE OF INFRINGEMENT.

Where the effect of complainant's patented design was to introduce. into the market a new article of manufacture made and sold by him, the fact that purchasers of similar articles subsequently made and sold by defendants supposed they were getting complainant's design does not establish that such articles infringed the design patent, where the mistake resulted from the novelty of the article itself and not from the similarity of the design, but the question of infringement must be determined by a comparison of the designs with that of the patent.

2. SAME—INFRINGEMENT.

The Kruttschnitt design patent No. 30,627, for a design for an ornamental border adapted for use on aluminum sign plates, discloses patentable novelty, and is valid; also *held* infringed by certain designs used by defendants, and not infringed by others.

In Equity.　Suits for infringement of letters patent No. 30,627, for a sign plate, granted to Gustav A. Kruttschnitt, April 25, 1899.　On final hearing.

Adna G. Bowen, for complainant.
Hauff & Hauff, for defendants.

TOWNSEND, Circuit Judge.　These suits on two bills for infringement of plaintiff's design patent No. 30,627 were heard together. So far as appears from the record, the particular collocation of a scroll figure with an inner border line shown in the drawings of the patent is novel. · The special modified scroll design appears to be differentiated from the similar designs of the prior art to such an extent as to meet the requirement of novelty in a design patent.　The design described and shown is an ornamental border adapted for use on aluminum sign plates, comprising a main ornamental scroll figure suggestive of a distorted Greek pattern having a mottled surface and a rectangular inner defining border line.　The inner border of complainant's sign plates. is cut or stenciled with a tool; the mottled pattern is produced by revolving a brush against the surface of the plate.　The defendants have produced a great number of different designs, resembling more or less closely the patented design.

The single question in the case is as to the scope of the order for an injunction.　It does not appear that there is anything new in the processes by which the design is produced, and, even if the method of their application to aluminum plates has accomplished new results, no patent has been obtained therefor.　The complainant hit upon or conceived the novel idea of so ornamenting plain sheets of aluminum as to adapt them for ornamental and advertising purposes, and thereby secured a large trade in what had hitherto been a comparatively valueless blank.　The attention of the public is not primarily or necessarily called to the specific design, but to the bordered aluminum sign· plates as a new article of manufacture.　Consequently, when the defendants manufactured bordered aluminum

signs having patterns differing so widely from the patented design as not to infringe the same, they were purchased by persons who supposed they were getting plaintiff's design, or who, at least, failed to distinguish the difference between them. Counsel for plaintiff, therefore, invokes the application of the familiar test,—"the eye of the ordinary observer, giving such attention as a purchaser usually gives."

For the reasons already stated, this test cannot be applied in this case without doing violence to the fundamental law of infringement,— that in order to constitute infringement there must be an appropriation of the novel elements of the patented design. Because such aluminum signs are new, the purchasing public may mistake defendants' design, which every one has a right to make, for the design which only the plaintiff has the right to make. But the defendants cannot be deprived of their common right. The plaintiff, then, must be limited in such test to configurations which appropriate his design.

Of the exhibits produced on the hearing, it must be found that Exhibits 4, 9, 10, 11, 12, 15, 16, and 17 do not infringe, but that Exhibit 5 does infringe. The complainant is therefore entitled to an injunction and an accounting as to Exhibit 5. As to the other exhibits, the bill is dismissed.