### PECORA et al. v. MODERN SANITARY DAIRIES OF PENNSYLVANIA, Inc.

#### No. 1336.

District Court, M. D. Pennsylvania.
Feb. 27, 1939.

John H. Hersker, of West Hazleton, Pa., and Corbett & Mahoney, of Columbus, Ohio, for plaintiffs.

Frank S. Busser, and George J. Harding, both of Philadelphia, Pa., and Rocco C. Falvello, of Hazleton, Pa., for defendant.

WATSON, District Judge.

Michael A. Pecora, Pasquo Pecora and Salvadore Pecora, the Plaintiffs and owners of a design patent No. 98,609 issued to Pecora, by this suit in equity seek a decree against Modern Sanitary Dairies of Pennsylvania, Inc., adjudging its use of a certain milk bottle to be an infringement of the Pecora patent and awarding an injunction. The Defendant challenges the validity of the Pecora patent and denies infringement.

This, in my opinion, is not a case in which the question as to the validity of the patent in suit needs to be discussed or passed upon. But, as I view the matter, the finding to be made upon the issue of infringement is determinative of the decree to be entered. Consequently, it may be here assumed without deciding that Plaintiffs' patent is valid.

The test of infringement of the design patent is the determination of whether or not the ordinary purchaser of the article designed, exercising the care and skill ordinarily used in the purchasing of such products, would be so confused by their similarity as to purchase the one article in the belief that he was purchasing the other. Coca Cola Company v. Whistle Co. of America, D.C., 20 F.2d 955; Illinois Watch Case Co. et al. v. Hingeco Mfg. Co., Inc. et al., 1 Cir., 81 F.2d 41. There must be more than a difference of detail. Due consideration must be given to the fact that the ordinary observer tends to remember only the more outstanding features of the design. The sole testimony before the court as to confusion is the statement of one of the Plaintiffs that some persons had been confused and the testimony of the milk bottle sorter that he had experienced difficulty in distinguishing between the bottles. He stated that it was necessary for him to look at the faces to determine the difference between the two types of bottles. The outlines of the two bottles are almost identical. The Plaintiffs, however, cannot complain of the Defendant's use of a bottle having the same general outline as this bottle; because this outline is that of another bottle which was patented in 1925 and has been in public use for a number of years. Furthermore, in the course of his testimony, the milk bottle sorter stated that the method of sorting bottles consisted of picking ten of them up at the same time, five in each hand, and placing them in a proper receptacle to be delivered to the dealer who owned each particular bottle. It is apparent, therefore, that his evidence is of little aid to the court. However, an inspection of the bottles themselves clearly indicates that the similarity is so slight as to render unnecessary any testimony on this point. The face on the Plaintiffs' bottle is that of a very

young child with full cheeks, which creates a circular outline, while the Defendant's bottle contains a face of a mature person, quite unattractive, whose cheeks are thin and whose face presents an oval appearance. Combining this decided difference with the constantly exercised faculty of ordinary observers to distinguish between faces, it is evident that there is no danger of the Defendant's bottle being passed off as the Plaintiffs'. There are, in addition, a number of differences in detail between the two designs. The Defendant's bottle slopes downward sharply from the neck, while the Plaintiffs' slopes outward from the neck to form the baby's shoulders. There is a collar on the Defendant's bottle just below the neck, which is part of the "cop's uniform", and there is none on the Plaintiffs' bottle; there is a ridge just above the eyes of the face on the Defendant's bottle, which represents the visor of the cap, while there is none on the Plaintiffs' bottle; there are grooves on the top of the Defendant's bottle, which do not appear on Plaintiffs' bottle. It is unnecessary to enumerate further the differences between the two bottles, as it is clear that there is no infringement.

Plaintiffs' bill of complaint is dismissed.