**LEWY v. HOFFMAN BEVERAGE CO.**

District Court, S. D. New York.

April 26, 1939.

Milton S. Leibel, of New York City, for plaintiff.

Hoguet, Neary & Campbell, of New York City (W. H. Free and M. N. Donohue, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

■ Taking up the earlier patent first, design patent 91,490, the claim is for an ornamental design for an advertising display card substantially as shown and described. The figure refers to two views: Figure 1 is a front view in perspective; figure 2 a rear view in perspective. Then occurs this statement: "The design represents a table displaying the advertised goods thereon in an ornamental manner, and a human figure behind the table making use of the goods."

Looking at the defendant's display card, Exhibit 4, I find no similarity whatsoever. I do not find a human figure behind the table, but, on the contrary, I find a configuration in design wholly different from that shown in the drawing, and accordingly I am unable to find infringement of that patent.

■■ Now I pass to Design Patent No. 93,564. This patent is for a design for an advertising display card. The drawings disclose likewise two figures: A front perspective view and a rear perspective view. As an essential dominating feature of the display card there is the hand with index finger outstretched. That element is wholly missing in the defendant's display card, and so far as the depending projections from the front flap of that device are concerned I cannot see that any possible confusion could exist in any person's mind when compared with the outstretched hand and finger of the design patent in suit. On the contrary, these appendages are in harmony with the ice motif of the display device. The dominating feature of defendant's device is that of ice and icicles. These appear not only in the front flap to which I referred but also they are part of the words "On Ice."

So far as similarity is concerned the only thing that can be said is that the defendant's display device, like that of the

534

patent in suit, has a vertical background from which there projects at right angles a plane through which there is an aperture having a utilitarian and not a design feature. The object of the aperture is to enable a bottle to be inserted therein. Then, as part of the design, there appears on that horizontal plane a projection which serves the double purpose of adding to the display by carrying out the ice motif, and at the same time to position the device against the neck of the bottle. Then there is the front flap at right angles to the table which projects downward but there certainly can be no invention in the mere three-structural device in which I find such similarity. However, in order to determine infringement one does not of course in a design patent case pick apart the elements. The question of infringement is one that is determined by the appearance of the alleged infringing device in its total aspect in comparison with the design displayed in the patent. In making such comparison I cannot find the slightest ground which would lead to confusion on the part of any purchaser or user.

Certainly as I view the two objects there is no such similarity. In this view of the case, on the question of infringement, since I find no infringement of either patent it becomes unnecessary to discuss the validity of the patents; and on the issue as thus determined it becomes necessary to dismiss the complaint.