**McQUILLEN et al. v. A. R. HYDE & SONS CO.**

No. 4628.

District Court, D. Massachusetts.

Dec. 2, 1940.

Kenway & Witter, of Boston, Mass., for plaintiffs.

Charles W. McDermott, of Boston, Mass., for defendant.

McLELLAN, District Judge.

This suit was brought in April, 1938, for infringement of design patent No. 100,174, and for unfair competition. In the original complaint, infringement of a second design patent, No. 100,175, was also charged, but at the pre-trial hearing, on motion of the plaintiffs and with the consent of the defendant, the charge on this patent was dismissed. The plaintiffs are Roy M. McQuillen, the patentee, and The Hobby Shoe Company, Inc., the latter an exclusive licensee under the patent in suit. The plaintiff McQuillen is a citizen of New Hampshire; the plaintiff corporation is a New Hampshire corporation. The defendant, A.

R. Hyde & Sons, is a Massachusetts corporation, having its principal place of business in Cambridge, Massachusetts. The plaintiffs' title to the patent in suit is admitted. The defenses are principally noninfringement, invalidity, and denial of unfair competition.

### Findings of Fact.

The patent in suit was issued June 23, 1936, to Roy M. McQuillen, the individual plaintiff, upon an application filed May 9, 1936. The patent is for a term of three and one-half years. It is for a design for a shoe substantially as shown in the drawings annexed hereto.

In the summer of 1937, the plaintiff corporation was formed by McQuillen and others, and on August 27, 1937, was given an exclusive license under this patent. The license provides in part: "Licensor has given and by these presents does give to the licensee the exclusive right, license and privilege in the United States of America under said letters patent." It also provides: "The licensee shall have the right to institute or bring any action or suit which licensee may be advised to institute or begin for or by reason of the infringement of any of the inventions or improvements which are hereinbefore referred to, or the letters patent in respect thereof, or said copyrighted trade-mark, and for that purpose shall have the right to use the name of the licensor as a party plaintiff or complainant either solely or jointly with the licensee's own name, provided, however, that such action or suit shall be instituted, brought, maintained and conducted solely at the cost and expense of the licensee, and it is agreed that any and all sums which may be received, obtained, collected or recovered in any such action or suit, whether by judgement, settlement or otherwise, shall be the sole and exclusive property of the licensee."

Upon its formation and upon being granted this license, the plaintiff corporation at once began to make shoes under the patent in suit. At first its operations were successful. Some time in the late spring of 1938, however, it began to lose money, and this continuing, the business ended in May, 1939. The shoes manufactured by the plaintiff corporation under the patent in suit bore proper patent markings and were designed to sell for $3 a pair retail.

Some time before this suit was brought, the defendant began to manufacture shoes of the same general type as those made by the plaintiffs, which were designed to sell for $2 a pair retail. Three shoes, stipulated by the parties to have been manufactured by the defendant before the commencement of this action, were adduced in evidence. These shoes are similar to each other, except for the color scheme employed. One of these shoes was marked "Plaintiffs' Exhibit C", and a photograph thereof which I caused to be taken appears below:

As may be seen from a comparison of the photograph of the defendant's shoe with the patent drawings, the defendant's shoe differs from that shown in the patent in several respects.

June 23, 1936.     Des. 100,174

R. M. McQUILLEN
SHOE

Filed May 9, 1936

At the toe of the defendant's shoe is an out-turned seam which does not appear in the patent. In the patent, a series of five rivets is shown on each side of the shoe. The defendant employs an extra row of

stitching in place of these rivets. The defendant's heel piece is shaped differently from that shown in the patent. Those portions of the defendant's shoe which are dark colored in the photograph are perforated with rows of small holes. No such holes are shown in the patent. Finally, in the moccasin-like construction of the front part of the shoe, seven large leather stitches are used by the defendant, whereas nine such stitches are shown in the patent.

The defendant adduced a number of prior art patents. In Rawlings, U. S. No. 1,128,902, the moccasin-like construction of the forward part of the shoe is shown. Here ten large leather stitches are used instead of nine, as in the case of the patent in suit. In a number of patents, the plaintiffs' construction using two eyelets in each wing co-operating with a lacing may be found. See among these Merritt, Design No. 8,761; Greenwood, No. 199,639; Clark, U. S. No. 1,013,744; and Miller, Design No. 91,956.

I find that while an ordinary purchaser might not have distinguished the defendant's shoes from the plaintiff's, any failure thus to distinguish between them would result not from the allegedly patentable features of the patent in suit. Any confusion would be due rather to the fact that both sets belong to the same general class of shoe and to occasional likeness in color about which the patent is silent. Any ordinary purchaser familiar with the prior art who was induced to buy the plaintiffs' shoes because of any features stated in the patent would distinguish between plaintiffs' and defendant's product by virtue of the differences heretofore mentioned.

Insofar as a question of fact is here involved, I find upon all the evidence that the defendant's shoes do not infringe the patent in suit.

The evidence falls short of showing unfair competition. Apart from the shoes themselves, the evidence on this issue was to the effect that a shoe merchant ordered some. shoes from a wholesaler in Brattleboro, Vermont; that he ordered them from the wholesaler's catalogue by a number appearing under the picture of a shoe resembling the plaintiff's shoes; that pictures of the plaintiffs' shoes were included in this catalogue; and that when the order was filled, the shoes received thereunder were those of the defendant. On all the evidence I find as a fact that the plaintiffs' charge of unfair competition is not sustained.

## Conclusions of Law.

The patent in suit is not infringed. In determining the question of infringement of a design patent, Gorham Mfg. Co. v. White, 14 Wall. 511, 528, 20 L.Ed. 731, is frequently cited. In this case, the court, speaking through Mr. Justice Strong, said: "We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." In applying this test to certain cases, however, it must be understood in the light of certain other principles applicable to design patents. This was considered in Applied Arts Corp. v. Grand Rapids Metalcraft Corp., 6 Cir., 67 F.2d 428, 429, where, after setting forth the general rule as stated in Gorham Mfg. Co. v. White, supra, the court says: "It has been held, however, that a design patent stands on as high a plane as utility patents, Knapp v. Will & Baumer Co. [2 Cir.], 273 F. 380; Cahoone Barnet Mfg. Co. v. Rubber [& Celluloid Harness Co.] et al. [C.C.N.J.], 45 F. 582, and that on the issue of infringement a design patent is not infringed by anything which does not present the appearance which distinguishes the design claimed in the patent from the prior art. New York Belting & Packing Co. v. New Jersey Car-Spring & Rubber Co. [2 Cir.], 53 F. 810, 815; Byram v. Friedberger [C.C.Pa.], 87 F. 559; Bevin Bros. Mfg. Co. v. Starr Bros. Bell Co. [C.C.Conn.], 114 F. 362; Kruttschnitt v. Simmons [C.C.N.Y.], 118 F. 851. Thus is presented a difficulty. The Supreme Court has said (Gorham [Mfg. Co.] v. White, supra), that sameness of effect upon the eye is the main test of substantial identity of design, but it is not essential that the appearance should be the same to the eye of the expert. It is sufficient if it is the same to the ordinary observer. Yet it is clearly the rule that similitude of appearance is to be judged by the scope of the patent in relation to the prior art. The question at once presents itself: Are these tests of identity in conflict? What does the ordinary observer, at least in the common acceptation of that phrase, know of the prior art? If the two tests are to be reconciled, some qualification must be recognized as applied to the ordinary observer. A careful analysis of Gorham [Mfg. Co.] v. White, and other adjudicated cases supplies the answer. The ordinary

observer is not any observer, but one who, with less than the trained faculties of the expert, is 'a purchaser of things of similar design,' or 'one interested in the subject.' * * * So is the average observer not one who has never seen an ash tray or a cigar lighter, but one who, though not an expert, has reasonable familiarity with such objects, and is capable of forming a reasonable judgment when confronted with a design therefor as to whether it presents to his eye distinctiveness from or similarity with those which have preceded it. * * *"

Thus it is that despite the apparent implications of Gorham Mfg. Co. v. White, a design patent is not infringed by anything which does not present the appearance which distinguishes the design claimed in the patent from the prior art. See Walker on Patents, Dellar Ed., § 141, in addition to the authorities cited in the above quotation. In the present case, it is clear that the patent in suit presents only slight changes from earlier designs for shoes, and hence other shoes not presenting the same distinguishing features cannot be held to infringe it.

There is another factor which must be taken into account in the present case in applying the test of Gorham Mfg. Co. v. White. As heretofore found, one reason for such similarity of appearance as exists is the fact that both the plaintiffs' and the defendant's shoes belong to the same general class or type. In considering the scope of the patented design, in order to determine the question of infringement, the patented design may not be given such breadth as to include general configuration made necessary by function. See Applied Arts Corp. v. Grand Rapids Metalcraft Corp., supra, and Illinois Watch Case Co. v. Hingeco Mfg. Co., 1 Cir., 81 F.2d 41. Such similarity between the plaintiffs' and the defendant's shoes as results from the fact that both are shoes of the same general type is not of itself enough to show infringement.

In view of the conclusion here reached it is unnecessary to consider whether or not the patent in suit is valid.

The plaintiffs are entitled to no relief on the ground of unfair competition in view of the findings heretofore made.

Judgment is to be entered for the defendant, without costs.