### ROWLEY v. TRESENBERG et al.

#### No. 1015.

District Court, E. D. New York.

Jan. 17, 1941.

John P. Chandler, of New York City, for plaintiff.

Mock & Blum, of New York City (Asher Blum, of New York City, of counsel), for defendants.

CAMPBELL, District Judge.

This suit is brought by the plaintiff for injunction, damages and costs against the defendants for the alleged infringement of design patent 109,647 issued to Charles

A. Rowley for design for an egg beater or similar article granted May 10th, 1938, on application filed December 13th, 1937.

The plaintiff is the owner of the patent in suit.

This suit was brought originally against Paul Tresenberg and Alexander Sitkoff doing business under the trade name and style of Aurora Electric Company.

In April, 1940, the present suit was commenced against the individual defendants, who in their original answer alleged that Aurora Electric Company, Inc., was formed on January 1st, 1940, which corporation became the successor to the business theretofore conducted by the individual defendants under the firm name of Aurora Electric Company. On stipulation the said Aurora Electric Company, Inc., was added as a party defendant.

The defendants have, by answer, raised the defenses of invalidity and non infringement.

Notice of infringement prior to the commencement of this suit was given to the individual defendants, and it is stipulated the admitted receipt of such notice by the individual defendants shall be deemed by the parties hereto to constitute notice of the alleged infringement to the corporate defendant.

It is stipulated that an egg beater or similar article marked plaintiff's exhibit No. 3, but which on the trial was offered and marked as plaintiff's exhibit No. 2, was manufactured and sold within the Eastern District of New York and elsewhere since the issuance of the patent in suit, and prior to the filing of the bill of complaint herein by the corporate defendant, Aurora Electric Company, Inc., and is representative of the articles which plaintiff will claim constitute an infringement of the patent in suit.

From the evidence and the stipulation it appears that the alleged infringing articles represented by plaintiff's exhibit No. 2 were manufactured and sold by the corporate defendant, and by the testimony appears that the individual defendants did not manufacture or sell the alleged infringing article as individuals, but only for the corporation.

The defendant Paul Tresenberg is the president and sales manager of the corporate defendant, and the defendant Alexander Sitkoff is the production man.

The evidence does not show that the two individuals did anything more than would be usual for officers of a corporation, in their manufacture and sale of the alleged infringing articles.

The patent in suit discloses a kitchen utensil which has a variety of uses, such as mixing and beating foods, mashing potatoes, beating eggs, crushing strawberries and the like, and is also frequently used for removing hot foods from a pot.

It has a base portion which is a metal stamping job formed with a number of spaced, webbed fingers, leaving elongated openings through which the water, grease, or other material may pass during the serving operation, and is conveniently cupped to prevent articles carried thereon from falling off at the sides.

An article of this character to be a good seller must appear to be useful, but primarily it must have a considerable eye appeal.

Defendant Paul Tresenberg testified on behalf of the defendants, without contradiction that each and every element of shape and design of the device of the patent in suit is wholly functional, and except for the scalloped end that is true.

There is no testimony that the trade or public saw any particular beauty of design in the patented article, and it seems to me that it was not the beauty of design that played any considerable part in causing plaintiff's sales, but that such sales were largely due to the low price, and a solid one piece construction.

There is exemplified by plaintiff's exhibit 5 an article made according to the Vaughn patent, and the companion design patent No. 102,959, which with the companion design patent No. 102,959 are owned by the plaintiff.

Making the cup-shaped article of those patents in one solid piece by a single stamping operation, and of necessity joining the ends of the prongs or tines in the stamping, were matters wholly of mechanical skill and manufacturing economy, and surely there would be nothing novel, from a mechanical or design view point, in connecting the outer ends of the article of those Vaughn and Rowley patents by twisting a wire between them.

Plaintiff's patent in suit relates only to the head of the article, and stamping the same from a single piece of metal was dis-

closed in the U.S. Patent No. 1,098,070 to Whitney issued May 26th, 1914 (defendant's exhibit A).

The head of the Whitney device is exemplified in defendant's exhibit C and making it arched, or of cup-shape was wholly functional, as the arched shape strengthened the device, and made it usable for picking up and straining vegetables.

If the plaintiff's device was made with a smooth top or outer rim, as shown in picture C on defendant's exhibit B, the difference between it and the Whitney patent 1,098,070, shown in picture B on defendant's exhibit B, would be very small, and the shape of the body of the patent in suit behind the tines is shown in the Rowley design patent No. 102,959, and the companion Vaughn patent No. 2,023,451.

Defendant's device, which is shown as picture D on defendant's exhibit B, shows but little difference from the said Whitney patent, picture B, on defendant's exhibit B, but for the fact that the side edges of defendant's device are indented to provide sharp corners for beating eggs.

Defendants also offered in evidence the following prior art patents, design patent No. 46313 to Kraushaar granted August 25th, 1914, which showed a design for a bakers' peel, and design patent No. 54164 to Hamill granted November 11th, 1919, which showed design for a combination cake mixer, beater, turner, lifter and measuring-spoon. These patents add nothing in particular in so far as this case is concerned to the patents hereinbefore discussed but both of those patents to Kraushaar and Hamill do show a smooth outer rim and tines spaced from each other.

As it appears by the uncontradicted testimony offered on behalf of the defendants in the case at bar, each and every element of shape and design of the article of the patent in suit is wholly functional, except for the scalloped end, and plaintiff could not have obtained a mechanical patent.

■ A design patent can not be used to monopolize functional features which cannot be protected by a mechanical patent. Baker v. Hughes-Evans Co., 2 Cir., 270 F. 97; Strause Gas Iron Co. v. William M. Crane Co., 2 Cir., 235 F. 126; North British Rubber Co., Limited v. Racine Rubber Tire Co. of New York, Inc., 2 Cir., 271 F. 936; Weisgerber v. Clowney, C.C.,

131 F. 477; Pashek v. Dunlop Tyre & Rubber Co., D.C., 8 F.2d 640.

■ Functional features are excluded in determining infringement. Applied Arts Corporation v. Grand Rapids Metalcraft Corporation, 6 Cir., 67 F.2d 428; New York Belting & Packing Co. v. New Jersey Car-Spring & Rubber Co., 2 Cir., 53 F. 810, 815; Rowe v. Blodgett & Clapp Co., 2 Cir., 112 F. 61; Coca-Cola Co. v. Whistle Co. of America, D.C., 20 F.2d 955; Pecora et al. v. Modern Sanitary Dairies of Pennsylvania, Inc., D.C., 26 F.Supp. 602; Franklin Lamp Mfg. Co., Inc., v. Albe Lamp & Shade Co., D.C., 26 F.Supp. 960.

■ No dominant feature of the head of the spoon is emphasized in the description of the patent in suit, therefore, plaintiff's design patent is limited to each and every visual element thereof. American Fabrics Co. v. Richmond Lace Works et al., 2 Cir., 24 F.2d 365; Scovill Mfg. Co. v. United States Electric Mfg. Corp., D.C., 31 F.Supp. 115.

■ Plaintiff's design patent in suit must be limited in view of the prior art like a mechanical patent. North British Rubber Co., Limited v. Racine Rubber Tire Co. of New York, Inc., supra.

■ The design patent in suit narrowly limited to the scalloped-shape of the outer rim is valid, but if the patent in suit be broadened to cover the defendant's alleged infringing device it would be invalid.

What defendant has done is to have merely arched the flat head of the device of the patent to Whitney No. 1,098,070 following the familiar arched-shape of a spoon, and modified the device of the patent to Vaughn, No. 2,023,451 in accord with standard metal-stamping process.

As to the tapered shape of the openings between the tines in the defendant's device it is functional and is disclosed in both the specification and drawing of the Whitney patent No. 1,098,070.

■ A valid design patent cannot be secured by merely assembling old visual elements. General Electric Co. v. Parr Electric Co., Inc., 2 Cir., 98 F.2d 60.

■ The adaption of an old shape to a new purpose is not the basis for a valid design patent. Western Auto Supply Co. v. American-National Co., 6 Cir., 114 F.2d 711; Bevin Bros. Mfg. Co. v. Starr Bros. Bell Co. et al., C.C., 114 F. 362.

Defendant's device does not have a scalloped shape of the outer rim and every element of shape or design that has any similarity to the Design Patent in suit is wholly functional, therefore, defendants do not infringe. McQuillen v. A. R. Hyde & Sons, Co., D.C., 35 F.Supp. 870.

I will go farther, however, and say that even if the elements of the patent in suit were not functional, and in the case at bar it was to be decided under the law as stated in Gleitsman et al. v. Monarch Sanitary Products, Inc., D.C., 26 F.Supp. 152; Ace High Dresses, Inc. v. Mohawk Dress Company, Inc., 34 U.S.P.Q. 225; Forestek Plating & Manufacturing Company v. Knapp-Monarch Company, 6 Cir., 106 F.2d 554 and Lewy v. Hoffman Beverage Co., D.C., 27 F.Supp. 533 cited by plaintiff, in my opinion the impression that the defendant's device would make as a whole upon the eye and mind of the ultimate purchaser would not be that made by the device of the patent in suit.

With the differences possible in shape and design of an article of the character in question it seems to me that the average purchaser would not purchase the defendant's device believing it to be the device of the plaintiff's patent in suit.

Plaintiff did have considerable commercial success with the article of the patent in suit, but there is no evidence from which it could be attributed to the beauty or attractiveness of the design, on the contrary it would appear that it is the mechanical functional advantages which accounted for the success. In any event the question of commercial success requires no further consideration, as that is to be considered only when the question of validity is in doubt, and I have no doubt of the validity of the design patent in suit strictly limited as I have found it to be.

Unfair competition is not charged in this case, and underselling, or piracy need not be considered as they are not elements of a design patent case, in the absence of a charge of unfair competition. Nat Lewis Purses, Inc. v. Carole Bags, Inc., 2 Cir., 83 F.2d 475.

A judgment may be entered in favor of the defendants against the plaintiff, dismissing the complaint herein on the merits with costs.

Settle judgment on notice, and submit proposed finding of fact and conclusions of law in accordance with this opinion.